UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**CARRINGTON MORTGAGE
SERVICES, LLC,**

    Plaintiff

v.                                                                                          CASE No. _____

**KATHLEEN M. BRODERICK and
VILLAGE GREEN CONDOMINIUM
ASSOCIATION, INC.,**

    Defendants
_____/

**COMPLAINT TO FORECLOSE MORTGAGE**

I.

INTRODUCTION

Carrington Mortgage Services, LLC, files this complaint to foreclose a certain mortgage given by the Defendant, Kathleen M. Broderick, encumbering her residence at 3399 Post Road, Unit 8, Warwick, RI 02886. The Defendant defaulted on her obligation to make monthly payments under the mortgage and note which it secures and Plaintiff now seeks to judicially foreclose the mortgage pursuant to R.I. Gen. Laws §34-27-1 and §34-27-3.2(d)(5).

II.

PARTIES

1. Plaintiff, Carrington Mortgage Services, LLC ("Carrington"), is a Delaware corporation with a principal place of business at 1600 South Douglass Road, Suite 110 & 200-A, Anaheim, CA 92806.

2. Defendant, Kathleen M. Broderick, is an individual who resides at 3399 Post Road, Unit 8, Warwick, RI 02886.

3. Defendant, Village Green Condominium Association, Inc. a/k/a Village Green at Apponaug Condominium Association ("Village Green"), is a corporation with principal offices located at 901 Village Green Circle, Coventry, RI 02816.

III.

JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Here, there is complete diversity between the Plaintiff on the one hand and the Defendants on the other. In addition, the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which Plaintiff now seeks to foreclose exceeds $142,000.00.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) as the Property is located in Rhode Island.

IV.

FACTS

6. The Defendant, Kathleen. M Broderick ("Broderick"), acquired title to the property known as 3399 Post Road, Unit 8, Warwick, Rhode Island 02886 (the "Property") by Warranty Deed dated July 10, 2009 and recorded with the City of Warwick Land Evidence Records (the LER) on the same day in Book 7097, Page 337.

7. Broderick secured a purchase money mortgage loan from Mortgage Master, Inc. on July 10, 2009 (the "Loan") to enable her to purchase the Property.

8. This mortgage loan is evidenced by a promissory note in the original principal amount of $148,265.00 dated July 10, 2009, given by Broderick to Mortgage Master, Inc. (the "Note"). The Note contains a special indorsement by Mortgage Master, Inc. to Bank of America,

N.A. and a further special indorsement by Bank of America, N.A. to Carrington Mortgage Services, LLC. A true and accurate copy of the Note is attached hereto as Exhibit 1.

9.  The Note is secured by a mortgage given by Broderick to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Mortgage Master, Inc., encumbering the Property in the original principal amount of $148,265.00 dated July 10, 2009 and recorded with the LER on the same day, in Book 7097, Page 339 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

10. Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Mortgage Master, Inc., assigned the Mortgage to Carrington Mortgage Services, LLC, by assignment dated September 4, 2015 and recorded with the LER on September 15, 2015 in Book 8443, Page 40. A certified copy of said Assignment is attached hereto as Exhibit 3.

11. Under the terms of the Note and Mortgage, Broderick was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the August 1, 2039 maturity date of the Loan.

12. Broderick has defaulted in her monthly payment obligations due under the Note and Mortgage and her mortgage account with Carrington is now due for the January 1, 2015 payment together with all subsequently accrued but unpaid installments.

13. On or about May 1, 2015, Carrington received an application from Broderick to approve a short sale of the Property.

14. On or about May 22, 2015, Carrington sent Broderick a letter advising her that she was not eligible for a short sale under applicable FHA guidelines.

---

[1] As pleadings are filed electronically, and therefore the exhibits referred to herein are copies of certified documents, the loan number has been redacted for the borrower's protection, however, undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

15. Carrington sent Broderick a Notice of Default dated July 27, 2015. A true and accurate copy of said Notice is attached hereto as Exhibit 4.

16. The default set forth in the July 27, 2015 Notice of Default was never cured. A true and accurate copy of the payment history maintained by Carrington in connection with Broderick's mortgage loan is attached hereto as Exhibit 5.

17. Carrington sent Broderick a further Delinquency Notice by certified mail on or about September 11, 2015 advising her of the delinquency on the loan and inviting her to set up a face-to-face meeting to discuss the delinquency. A copy of this Delinquency Notice is attached hereto as Exhibit 6.

18. On November 6, 2015, Carrington, through its attorneys, Korde & Associates, P.C., sent Broderick Notices of Acceleration via certified and first class mail. True and accurate copies of said Notices are attached hereto as Exhibit 7.

19. Carrington caused a field representative to make an in-person site visit to the Property on or about February 13, 2016. According to the field representative's report on file with Carrington, Broderick advised the field representative at the site visit that she would contact Carrington about her account.

20. Village Green is named as a Defendant herein if and to the extent it claims to have a lien on the Property for unpaid common area charges, if any, arising by operation of law or otherwise.

## COUNT I

## FOR DECLARATORY JUDGMENT

21. Carrington re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-20 above.

22. Carrington seeks a judgment from this Court declaring that (a) Carrington Mortgage Services, LLC, is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 18 of the Mortgage) and (b) that the Defendant, Kathleen M. Broderick, is in default of her obligations set forth in the Note and Mortgage.

## COUNT II

### FOR DECREE BARRING ALL RIGHTS OF REDEMPTION AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

23. Carrington re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-20 above.

24. Carrington seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which each of the Defendants may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, Carrington, free of any and all right, title, interest or claim of each of the Defendants to this action.

## COUNT III

### FOR AN ORDER OF SALE

25. Carrington re-alleges and incorporates by reference the allegations contained in paragraphs 1-20 above.

26. In the alternative to the relief sought in Count II hereof, Carrington seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing Carrington to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the

Defendants and otherwise free of any and all other rights, title, interests or claims of each of the Defendants to this action. In relation thereto, Carrington further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, Carrington Mortgage Services, LLC ("Carrington") requests that the Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1 the Plaintiff prays that in the event the Defendant, Kathleen M. Broderick, should appear in this action at any time prior to entry of a default against her, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant an opportunity to submit a completed application for loss mitigation to the Plaintiff and for the Plaintiff, in turn, to render a determination of the Defendant's eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendant should affirmatively decline in a pleading or other document filed with the Court that she does not wish to submit such an application

(b) Issue a decree determining that the Defendant, Kathleen M. Broderick, is in default of her obligations under the terms of the Note and Mortgage;

(c) Issue a decree determining that the Plaintiff, Carrington, is the present holder of the note and the present holder of the mortgage and entitled to enforce the default remedies provided for therein;

(d) Issue a decree forever barring each of the Defendant's exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, Carrington, free of any and all right, title, interest or claim of each of

the Defendants or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Warwick Land Evidence Records;

(e)     In the alternative to the relief sought in the preceding paragraph (d), issue an order authorizing and directing the Plaintiff to sell the Property at public sale or by such other means and upon such notice and to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest or claim of each of the Defendants to this action or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Warwick Land Evidence Records;

(f)     Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

(g)     Grant such other and further relief as the Court deems just and proper.

May 9, 2016                                   Respectfully Submitted,

                                              Carrington Mortgage Services, LLC,
                                              By its Attorney,


                                              /s/ John S. McNicholas
                                              John S. McNicholas, Esq., RI# 8732
                                              Korde & Associates, P.C.
                                              321 Billerica Road, Suite 210
                                              Chelmsford, MA 01824
                                              (978) 256-1500 (ext. 203)
                                              jmcnicholas@kordeassoc.com